UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Carlos Roy Castaneda,          )
                               )
           Plaintiff,          )
                               )          Civil Action No.  18-307 (UNA)
                               )
                               )
Richard Kane *et al.*,         )
                               )
           Defendants.         )

## MEMORANDUM OPINION

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution ("FCI") in
Loretto, Pennsylvania.  He has filed an application to proceed *in forma pauperis* and a "Verified
Civil Complaint for Declaratory and Civil Rights Relief" against former Bureau of Prisons
Director Richard Kane and several other BOP employees.  All of the defendants are sued in their
individual capacity.  Compl. Caption.  For the reasons explained below, the *in forma pauperis*
application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which
requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which
relief can be granted.

Plaintiff alleges that in January 2017 while incarcerated at FCI Milan in Michigan, he
was awarded a Second Chance Pell Grant, which would have permitted him "to attend collegiate
courses from Jackson College offered by FCI Milan[.]"  Compl. at 4.  Allegedly, defendants
"stripped" plaintiff of the award when "he was involuntarily placed into [BOP's] transport
custody for disciplinary retaliation."  *Id.*  Plaintiff claims that he "had every right to attend the

1

necessary college courses." *Id.* Plaintiff seeks equitable relief, compensatory damages

exceeding $4.7 million, and punitive damages. *Id.* at 5-7.

Claiming due process and equal protection violations, plaintiff sues defendants under 42

U.S.C. §§ 1983, 1985 and 1986, none of which is applicable here. First, by its terms, § 1983

does not apply to federal officials acting under federal law. *Settles v. U.S. Parole Comm'n*, 429

F.3d 1098, 1104 (D.C. Cir. 2005). Second, plaintiff has not alleged facts establishing that "two

or more persons . . . participated in a conspiracy motivated by class-based discriminatory

animus" to state a claim under § 1985. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 688

(D.C. Cir. 2009) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 96-102, (1971)). And third, "a

colorable claim under § 1985 is a prerequisite to a claim under § 1986[.]" *Philogene v. District

of Columbia*, 864 F. Supp. 2d 127, 132 (D.D.C. 2012) (citation omitted).

Apart from the doomed causes of action, the premise of plaintiff's due process claim is

simply wrong.[1] Plaintiff concludes, without any citation to authority, that he has a constitutional

right to take college courses, and at a particular location. But to trigger protections under the due

process clause, plaintiff must identify a liberty interest. The Supreme Court long ago defined a

liberty interest in the prison setting as "'restraint' that 'imposes atypical and significant hardship'

as compared with 'the ordinary incidents of prison life.'" *Franklin v. District of Columbia*, 163

---

[1]   *In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),
the Supreme Court "recognized for the first time an implied private action for damages against
federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v.
Malesko*, 534 U.S. 61, 66 (2001). A proper *Bivens* claim is brought against the individual in his
or her personal capacity for monetary damages. As a result, "a plaintiff must plead that each
Government-official defendant, through the official's own individual actions, has violated the
Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although plaintiff purports to sue
the named defendants in their personal capacities, he has alleged no facts establishing their
personal involvement in the alleged misconduct. Accordingly, dismissal is warranted for this
reason alone.

F.3d 625, 631 (D.C. Cir. 1998) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). Such "commonplace judgments in the day-to-day management of prisons" as housing determinations, transfers and classification decisions "do not give rise to liberty interests" absent a showing of "extraordinary treatment." *Id.* at 634-36 (citation and internal quotation marks omitted). In direct contrast to plaintiff's point, it is established that "prisoners do not have a due process right to participate in vocational and educational programs, let alone one of their choosing." *Boulware v. Fed. Bureau of Prisons*, 518 F. Supp. 2d 186, 189 (D.D.C. 2007), citing *Women Prisoners of Dist. of Columbia Dep't. of Corr. v. Dist. of Columbia*, 93 F.3d 910, 927 (D.C. Cir. 1996), citing *Inmates of Occoquan v. Barry*, 844 F.2d 828, 836 (D.C. Cir. 1988) (inmates do not have a constitutional right to work and educational opportunities) (other citations omitted).

Finally, plaintiff has mentioned the equal protection clause, Compl. at 4, but he has alleged no facts establishing that defendants discriminated against him as a member of a protected class, *see Pers. Adm'r v. Feeney*, 442 U.S. 256 (1979), or treated him differently than another similarly situated individual or group, *see Women Prisoners*, 93 F.3d at 924. And a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April 24, 2018

_____
United States District Judge

3